<u>NOT FOR PUBLICATION</u>                    [Docket Nos. 11, 13, 14, 27]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

JOHN C. NEWTON and PATRICIA
NEWTON,

              Plaintiffs,

     v.

GREENWICH TOWNSHIP, GREENWICH
TOWNSHIP COMMITTEE, GREENWICH
TOWNSHIP FIRE DEPARTMENT,
THEODORE KEIFER, WILLIAM
REINHART, MATTHEW ELWELL, and
JOHN DOES 1-15,

              Defendants.

Civil Action No.
12-cv-238 RMB/KMW

**OPINION**

Appearances:

John P. Morris, Esquire
142 West Broad Street
Post Office Box 229
Bridgeton, New Jersey 08302
    Attorney for Plaintiffs John C. and Patricia Newton

Gregory B. Gilmore, Esq.
Gonzalez Saggio & Harlan LLP
155 Willowbrook Blvd., Suite 300
Wayne, New Jersey 07470
    Attorney for Defendant Matthew Elwell

A. Michael Barker
Barker, Scott & Gelfand
Linwood Greene
210 New Road, Suite 12
Linwood, NJ 08221
    Attorney for Defendants Greenwich Township, Greenwich
    Township Committee, and Theodore Keifer

Kathryn V. Hatfield
Bauch Zucker Hatfield LLC

871 Mountain Avenue, Suite 200
Springfield, NJ 07081
　　　Attorney for Defendant William Reinhart

Douglas F. Johnson
Earp Cohn P.C.
20 Brace Road, 4th Floor
Cherry hill, NJ 08034
　　　Attorney for Defendant Greenwich Township Fire Department.


**BUMB**, UNITED STATES DISTRICT JUDGE:

　　　Plaintiffs John C. and Patricia Newton ("Plaintiffs") filed

suit against Defendants in the Superior Court of New Jersey, Law

Division.  [Docket No. 1, Ex. A].  Defendant Matthew Elwell

("Elwell"), with the consent of his co-defendants, removed the

matter to this Court pursuant to 28 U.S.C. §§ 1441 et seq.

[Docket No. 1].  All six defendants have filed motions to

dismiss pursuant to Federal Rule of Civil Procedure ("F.R.C.P.")

12(b)(6) or F.R.C.P. 12(c).[1]  [Docket Nos. 11, 13, 14, 27].  For

---

[1]　　Plaintiffs dispute the propriety of some of these motions.  Defendants
William Reinhardt and Greenwich Township Fire Department each moved to
dismiss pursuant to F.R.C.P. 12(b)(6) [Docket Nos. 11, 13].  Defendants
Greenwich Township, Greenwich Township Committee, and Theodore Kiefer
answered and moved to dismiss pursuant to F.R.C.P. 12(b)(6) [Docket Nos.
9, 17].   Defendant Elwell answered and moved to dismiss pursuant
F.R.C.P. 12(c).  Plaintiffs make two arguments.  First, Plaintiffs
contend that Greenwich Township, Greenwich Township Committee, and
Theodore Kiefer's motion to dismiss was improper because 12(b)(6)
motions must be made prior to any answer.  F.R.C.P. 12(b)(6)("A motion
asserting [a defense under 12(b)(6)] must be made before pleading if a
responsive pleading is allowed.").  But this Court will exercise its
discretion to construe those Defendants' post-answer motion as proper
under F.R.C.P. 12(c).  Patel v. Contemporary Classics of Beverly Hills,
259 F.3d 123, 126 (2d Cir. 2001)(finding that it was proper to construe
post-answer 12(b)(6) motion as one under 12(c); Compliant RX Solutions
Inc. v. XO Comms., No. 05-676, 2006 WL 999971, at *1 (E.D. Pa. Apr. 13,
2006)("A Rule 12(b) motion to dismiss a complaint must be filed before
any responsive pleadings. A postanswer motion to dismiss pursuant to
Rule 12(b)(6) may be treated, in the court's discretion, as a Rule
12(c) motion for judgment on the pleadings.")(citation omitted). Second,

the reasons that follow, the Defendants' motions to dismiss are GRANTED, without prejudice.

I.    Background[2]

On or about November 23, 2010, Plaintiffs learned that members of Defendant Greenwich Fire Association (a/k/a Greenwich Fire Department, Station #14)("Greenwich Fire") sexually assaulted their daughter, who at the time was a minor and a volunteer member of Greenwich Fire.  Compl. at ¶ 9.  Plaintiffs subsequently requested that Greenwich Fire investigate the allegations of sexual impropriety by its members.  Id. at ¶ 10.

---

Plaintiffs argue that any 12(c) motion is premature because Rule 12(c) motions are only properly made after the pleadings are closed and, because some Defendants have not yet answered, the pleadings are not closed.  Generally, Rule 12(c) motions are only proper once the pleadings are closed and, in a multi-defendant case, the pleadings are not considered closed until every defendant has answered the complaint. Nagy v. De Wese, 705 F. Supp. 2d 456, 460 n.4 (E.D. Pa. 2010).  However, courts have recognized that they have the discretion to permit Rule 12(c) motions even where not every defendant has answered, so long as no prejudice to any party would result.  Ryan v. Thunder Restoration, Inc., No. 09-3261, 2009 WL 2766468, at *2 (E.D. La. Aug. 26, 2009)("In cases involving multiple defendants, courts maintain discretion to consider a 12(c) motion even when one of the defendants has not filed an answer."); Noel v. Hall, No. 99-649, 2005 WL 2007876, at *1 (D. Or. Aug. 16 2005)("However, courts have exercised their discretion to permit a motion on the pleadings before all defendants have filed an answer where no prejudice to any party would result."); Jung v. Ass'n of Am. Med. Colls., 339 F. Supp. 2d 26, 36 (D.D.C. 2004)(considering Rule 12(b)(6) and Rule 12(c) motions simultaneously).  Because no prejudice would result from this Court considering these motions simultaneously, this Court will exercise its discretion to consider the Rule 12(c) motions concurrently with the Rule 12(b)(6) motions.

[2]   The facts recited herein are derived from the Plaintiffs' Complaint which the Court must accept as true for the purpose of these Rule 12 motions to dismiss.  See McTernan v. City of York, 577 F.3d 521, 5265 (3d Cir. 2009)("In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.")(internal quotation marks and citation omitted).

Plaintiffs allege that Elwell, an active member of Greenwich Fire, "encourage[ed] the other Officers of the Fire Department to 'look the other way' and not conduct any investigation or discipline any member" and that William Reinhart ("Reinhart"), a member of the Greenwich Township Committee and presiding officer of Greenwich Fire, told other officers that "John Newton would go away" within thirty days and any discussion of an investigation would cease.  Id. at ¶¶ 10-11.  In January 2011, Plaintiffs sought relief from Defendant Greenwich Township by asking Defendant Greenwich Township Committee for an investigation into the alleged sexual assault and implementation of policies and procedures meant to protect minors volunteering at Greenwich Fire.  Id. at ¶ 12.  When Plaintiff John Newton subsequently made oral remarks concerning misconduct by Fire Chief Wade MacFarland and Assistant Chief Robert Reinhart at a February 8, 2011 public hearing, his remarks were struck from the record.  Id. at ¶ 16.

On May 6 and 9, 2011, Tort Claims Notices were filed on behalf of Plaintiffs against all Defendants.  Id. at ¶¶ 13-14.  After the filing of the Tort Claims Notices, Defendant Theodore Keifer ("Keifer"), a member of the Greenwich Township Committee and mayor of Greenwich Township, and Defendant Reinhart continued "to participate in making decisions with respect to initiating and conducting any investigation" of Greenwich Fire

and its members.  Id. at ¶ 17.  Since service of the Tort Claim
Notice on May 6, 2011, Plaintiffs have not received notice as to
the results of any investigation that has taken place or of any
specific actions that have resulted from those investigations,
including the implementation of the policies requested by
Plaintiffs.  Id. at ¶ 15.  Based on the alleged action, and
inaction, of the Defendants, Plaintiffs filed suit pursuant to,
inter alia, the New Jersey Civil Rights Act, alleging violation
of their "Federal and State constitutional right to present
grievances and petition for redress as well as due process and
other grievance rights."  Id. at 18.  Plaintiffs seek both
monetary damages as well as the equitable relief of court
mandated implementation of the requested polices and procedures.
Id. at ad damnum clause.[3]

II.  Standard

     The difference between a motion to dismiss pursuant to Rule
12(b)(6) and Rule 12(c) is only a matter of timing and the Court

---

[3]     Plaintiffs allege in their opposition briefing that after requesting
       relief from the Greenwich Township Committee: (1) the Greenwich
       Township Committee instructed Mr. Newton to direct his concerns to the
       Greenwich Fire Department; (2) the Greenwich Fire Department locked its
       doors, preventing Mr. Newton from attending a Fire Department meeting;
       and (3) Defendants Reinhart and Keifer continued to take part in the
       investigation despite Plaintiffs assertion that both should step aside
       due to conflicts of interest.  Because Plaintiffs did not assert these
       allegations in their Complaint, this Court will not consider them on
       these motions to dismiss.  See Frederico v. Home Depot, 507 F.3d 188,
       201-02 (3d Cir. 2007)("[W]e do not consider after-the-fact allegations
       in determining the sufficiency of [a] complaint under . . . Rule[]
       12(b)(6).")(citing commw. Of Pa. ex. Rel Zimmerman v. PepsiCo, Inc.,
       836 F.2d 173, 181 (3d Cir. 1988)("It is axiomatic that the complaint
       may not be amended by the briefs in opposition to a motion to
       dismiss.").

applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6) motion.  Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  To survive a motion to dismiss under either Rule 12(b)(6) or 12(c), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them."  See McTernan v. City of York, 577 F.3d 521, 5265 (3d Cir. 2009)(internal quotation marks and citation omitted).  When evaluating a motion to dismiss, courts generally look "only to the facts alleged in the complaint and its attachments without reference to other parts of the record."  Virtual Studios v. Couristan, Inc., No. 11-427, 2011 WL 1871106, at *2 (D.N.J. May 16, 2011)(citing and quoting Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994)).

## III. Analysis

Plaintiffs' Complaint alleges two causes of action under the Federal and New Jersey State Constitutions.  First, Plaintiffs allege Defendants infringed on their right to

petition the government for redress of their grievances in violation of the First Amendment of the Federal Constitution and Article I, paragraph 18 of the New Jersey State Constitution. Second, Plaintiffs alleges that Defendants infringed on their right to due process under the Fourteenth Amendment of the Federal Constitution and Article I, paragraph 1 of the New Jersey State Constitution.  The Court addresses each claim in turn.

    A.   <u>Petition Clause Violation</u>

Plaintiffs allege Defendants interfered with, and thus violated, their federal and state constitutional rights to petition the government for redress of their grievances by: (1) Elwell's alleged encouragement of others to "look the other way" and not conduct any investigations; (2) Reinhart's statement that "'within thirty days, John Newton would go away' and there would be no more discussion about [the] investigation"; (3) striking Mr. Newton's comments from the record of a public hearing; (4) not informing Plaintiffs of the results of the investigation; and (5) not implementing Plaintiffs' request for the implementation of policies and procedures.  These claims fail under both federal and state constitutional law.

Federally, while there is a constitutional right to petition the government for redress of grievances, there is no constitutional right to have the government <u>respond</u> to that

petition, let alone in the particular manner desired by a petitioner.  See e.g., MN St. Bd. for Comm. Colls. v. Knight, 465 US 271, 285 (1984)("Nothing in the First Amendment . . . suggests that the right to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues."); Smith v. Ark. St. H'wy Employees, Local 1315, 441 US 463, 465 (1979)(holding that the government has no affirmative obligation to listen or respond to petitions from the public); Am. Bus Ass'n v. Rogoff, 649 F.3d 734, 739 (D.C. Cir. 2011)(holding that not only does the Petition Clause not guarantee a remedy, the Petition Clause does not even guarantee a response to a petition); Kerchner v. Obama, 612 F.3d 204, 209 (3rd Cir. 2010).  Accordingly, mere dissatisfaction with a governmental response to a petition for redress of grievances is not sufficient to support a First Amendment claim.  See e.g., Theriot v. Durano, No. 5:12-CV-11629, 2012 WL 2013039 at *3 (E.D. Mich. June 5, 2012)(holding in the prisoner context, that "to the extent that Plaintiff is dissatisfied with the defendants' responses to his complaints or grievances, he fails to state a claim for relief"); Nellis v. Gonzales, No. 06-1704, 2007 WL 1033517 at *2 (D.D.C. Mar. 30, 2007)(holding that dissatisfaction with legislative response to a grievance is not a cognizable constitutional claim).  Because Plaintiffs do not allege that they were prevented from airing

their grievances, and instead only allege dissatisfaction with
Defendants' response to those grievances, Plaintiffs were not
deprived of their federal constitutional right to petition.  See
e.g., Walker-Serrano ex rel. Walker v. Leonard, 325 F.3d 412,
421 (3d Cir. 2003)(Fullam, J., concurring)(finding no violation
of the First Amendment where First Amendment rights were
exercised without interference from the defendants).  Therefore,
Plaintiffs'' federal constitutional claim is dismissed.

The same logic forecloses Plaintiffs' state constitutional
claim.  That claim is premised on Article 1, paragraph 18 of the
New Jersey State Constitution, which, like its federal analogue,
only protects the right to speak out and petition, but does not
impose any affirmative obligation on the state to respond at
all, let alone in any particular manner.  See N.J. Const. Art.
I, ¶ 18 ("The people have the right freely to assemble together,
to consult for the common good, to make known their opinions to
their representatives, and to petition for redress of
grievances.").  While Plaintiffs urge that Paragraph 18 offers
more robust protection than its federal counterpart, and allows
for the claims alleged here, Plaintiffs have supplied no
authority that would support this position.  Instead, their only
submitted authority is that that the New Jersey Supreme Court
has interpreted certain other provisions of the state
constitution as affording broader protection than their Federal

Constitution counterparts.  See e.g., State v. Johnson, 346 A.2d 66, 67-68 (N.J. 1975)(holding Article I, paragraph 7 of the New Jersey Constitution affords greater protection from unreasonable searches and seizures than the Fourth Amendment); Robinson v. Cahill, 303 A.2d 273 on reh'g, 351 A.2d 713 (1975) and on reargument, 306 A.2d 65 (N.J. 1973)(same regarding the Equal Protection Clause); see also Mollo v. Passaic Valley Sewerage Comm'rs, 406 F. App'x 664, 668 (3d Cir. 2011)(noting that "the New Jersey Constitution has been interpreted as providing greater protection than the Fourth Amendment in some respects"). Because neither the plain language of Paragraph 18, nor any relevant authority supports interpreting Paragraph 18 as broader than the First Amendment, this claim must be dismissed for the same reasons as Plaintiffs' First Amendment claim.

  B.   Due Process Violation

    Plaintiffs also allege that these same actions violate their due process rights.  While Plaintiffs do not specify whether they are claiming a violation of their procedural or substantive due process rights, either claim fails under both federal and New Jersey law.

    With respect to procedural due process, under both federal and New Jersey law, courts must consider "whether there exists a liberty or property interest of which a person has been deprived, and if so . . . whether the procedures followed by the State

were constitutionally sufficient." Swarthout v. Cooke, 131 S.
Ct. 859, 861 (2011); see also Doe v. Poritz, 663 A.2d 367, 417
(N.J. 1995)("In examining a procedural due process claim, we
first assess whether a liberty or property interest has been
interfered with by the State, and second, whether the procedures
attendant upon that deprivation are constitutionally
sufficient.")(citations omitted).  Because, as discussed above,
Plaintiffs have failed to allege any liberty or property
interest that has been violated, Plaintiffs' procedural due
process claim fails.

     With respect to substantive due process, to the extent this
claim is one for federal substantive due process, Plaintiffs'
substantive due process claim is covered by, and therefore
analyzed under, the more specific constitutional protections of
the First Amendment.  United States v. Lanier, 520 U.S. 259, 272
n.7 (1997)("[I]f a constitutional claim is covered by a specific
constitutional provision . . . the claim must be analyzed under
the standard appropriate to that specific provision, not under
the rubric of substantive due process.").  Because, as discussed
above, Plaintiffs' First Amendment claim fails, Plaintiffs have
no federal substantive due process claim.  To the extent this
claim is one for substantive due process under the New Jersey
State Constitution, Plaintiffs were required, and failed, to
identify a liberty interest that was violated.  See Lewis v.

11

<u>Harris</u>, 908 A.2d 196, 207 (N.J. 2006)(requiring that a fundamental liberty interest be clearly identified to succeed on a substantive due process claim under the New Jersey State Constitution).  Therefore, Plaintiffs' substantive due process claim is dismissed.

III. <u>Conclusion</u>

For all these reasons, Defendants' Motions to Dismiss are GRANTED, without prejudice.  Plaintiffs may submit an amended complaint within thirty (30) days.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>August 27, 2012</u>